RHONDA K. WOOD, Associate Justice
Attorney Jonathan Streit appeals the circuit court's contempt finding and $ 100 fine. Streit argues that the evidence was insufficient to support a finding of contempt. We affirm.[1]
In May 2018, Streit appeared before the circuit court on a petition for permanent guardianship over the person and estate of Betty Bevill. Evidently in the months preceding the hearing, Streit was involved in a separate, unrelated appeal involving the same circuit court. See In re Estate of Edens , 2018 Ark. App. 226, 548 S.W.3d 179. In Estate of Edens , Streit represented the client of another attorney, Simpson, on an appeal of a denial of a recusal motion. In that case, Simpson had argued that the circuit court was biased against him and should recuse from all cases in which Simpson was associated. The circuit court denied the motion to recuse. Streit filed the appeal for Simpson's client, and the court of appeals reversed. Id. The mandate in Estate of Edens issued in April 2018, and approximately one month later, Streit appeared before the same circuit court in this case.
Streit argues that because he appealed and successfully reversed the circuit court in Estate of Edens , that the circuit court took issue with him at the guardianship hearing in the instant matter. Streit alleges that at the hearing, the circuit court *29 immediately noted several deficiencies in the case file, including the lack of necessary professional medical evidence. The circuit court was unwilling to allow the matter to proceed without compliance with the statutory requirements. At that point the following exchange occurred.
MR. STREIT : So just to be clear, if there is an individual who recognizes and has been diagnosed with dementia and wishes for a guardianship to be placed over her by her daughter -
THE COURT : Sir, you don't need to be clear. I told you the answer.
MR. STREIT : Judge - I understand that, Judge. I'm going to make my record.
THE COURT : Why don't you -
MR. STREIT : I'm going to make my record.
THE COURT : I tell you what. Why don't you go get the book and you can read it for yourself?
MR. STREIT : I'm going to make my record because, Judge -
THE COURT : I don't care if you make your record. You can stand here -
MR. STREIT : Judge, Judge, Judge -
THE COURT : Sir, -
MR. STREIT : You and I -
THE COURT : You can make your record.
MR. STREIT : You and I -
THE COURT : You can make your record, sir -
MR. STREIT : You and I both know what this is about.
THE COURT : We do? I don't know what it's about.
MR. STREIT : This is about an appeal on which you were reversed. That's what this is about.
THE COURT : Oh, is that what it's about?
MR. STREIT : Yes.
THE COURT : No, sir. Five minute recess.
When the court returned from recess, it re-called Streit's case and recited the portion of the probate code relating to medical evaluations. After explaining that it would not proceed without a written medical evaluation in the case file, the circuit court began reading aloud the Arkansas statute on contempt. Thereafter, it informed Streit,
[A]s I recall, after I had informed you of what I thought were deficiencies, you said to me, we all know what this is about.... My response was, no I don't know what it was about. And at that point, you accused me of having motivation to call these requirements to your attention and to enforce the requirements, at least as to the requirement of having the written report from a doctor, and said I was doing this for something that was not related to this and was in fact I believe motivated by prejudice towards you. Am I correct?
Streit responded affirmatively. The circuit court asked Streit, "Do you wish to take that position?" To which Streit responded, "I do believe that, yes." As a result, the circuit court found Streit in contempt of court and assessed a fine of $ 100.
Streit argues that the evidence is insufficient to sustain a contempt finding. Arkansas Code Annotated section 16-10-108(c) (Repl. 2010) controls the court's power to punish for criminal contempt. A contemptuous act includes the "disorderly, contemptuous, or insolent behavior committed during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or to impair the respect due to its authority." Ark. Code Ann. § 16-10-108(a)(1). If committed in the immediate view and presence of the court, contempt may be punished summarily. Ark. Code Ann. § 16-10-108(c). Criminal contempt preserves the power of the court, vindicates its dignity, and punishes *30 those who disobey its orders. McCullough v. State , 353 Ark. 362, 108 S.W.3d 582 (2003). The attorney's oath similarly provides, "I will maintain the respect and courtesy due to courts of justice, judicial officers, and those who assist them." In criminal-contempt cases, we view the record in the light most favorable to the circuit court's decision and sustain that decision if it is supported by substantial evidence and reasonable inferences. Id.
Here, viewing the record in the light most favorable to the circuit court's decision, substantial evidence supports the decision to hold Streit in contempt. When the circuit court informed Streit that it would not proceed with the hearing because of the lack of a written medical record, Streit immediately questioned the judge's integrity in open court. Streit persisted with this theory even after the circuit court explained its reasoning for the decision. The record reflects Streit interrupted the circuit court on at least three occasions during the tense exchange. The circuit court allowed Streit an opportunity to reconsider his accusation, but Streit was unwilling. We emphasize that a court's contempt power should be used cautiously and sparingly; however, because we find substantial evidence supports the decision that Streit's actions displayed a lack of regard for the court's integrity and demonstrated disrespect, we affirm.
Affirmed.
Baker and Hart, JJ., dissent.

This court has typically reviewed attorney contempt cases pursuant to Arkansas Supreme Court Rule 1-2(a)(5), which states that the Arkansas Supreme Court has jurisdiction over the "discipline of attorneys-at-law." See Bloodman v. State , 2010 Ark. 169, at 1, 370 S.W.3d 174, 175. We now conclude that attorney-contempt cases do not fall under the meaning of Rule 1-2(a)(5), and prospectively, we direct the clerk of the court to assign them to the court of appeals.